# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2010

Lyle W. Cayce
Clerk

No. 09-41133

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS BAUTISTA-MONTELONGO,

Defendant - Appellant

Appeal from the United States United States District Court
for the Southern District of Texas, McAllen Division

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

A two-count indictment charged the appellant, Juan Carlos Bautista-Montelongo (Bautista) with possession of marijuana with intent to distribute (Count Two) and with an accompanying conspiracy (Count One). Bautista pleaded guilty to Count One. Following sentencing, Bautista appealed the application of a two-level offense enhancement. Finding no error, we AFFIRM.

I.

On March 18, 2009, Texas game wardens saw two fishing boats crossing the Lake Falcon international reservoir from Mexico into the United States. When the wardens tried to stop the boats, they sped away in different directions. One boat escaped, but the other, driven by Bautista, was apprehended. The boat

No. 09-41133

had 483.5 kilograms of marijuana aboard. Bautista stated that two unknown men came to his fishing camp and paid him $300 to drive the boat. The Presentence Investigation Report calculated Bautista's base offense level at 28.

Based upon these undisputed facts, the trial court applied a two-level sentence enhancement to Bautista because he was acting as the captain or the pilot of a boat that was carrying a controlled substance. *See* U.S.S.G. § 2D1.1(b)(2)(B).[1] After applying various other sentence adjustments,[2] none of which are material to the current appeal, the total offense level was 25. Bautista had no criminal history, making his criminal history category I. The advisory sentencing range was 57 to 71 months of imprisonment, and the court sentenced him to 57 months. Bautista filed a timely notice of appeal, contesting only the captain-pilot enhancement.

II.

Thus, the only issue raised on appeal is whether the district court properly increased the offense level under § 2D1.1(b)(2)(B) because Bautista was the captain, pilot, or navigator of the boat. The district court's application of the Guidelines to the facts is a question of law to be reviewed *de novo*. *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010).

Under U.S.S.G. § 2D1.1, a two-level increase in offense level is warranted if "the defendant acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance." § 2D1.1(b)(2)(B) (Nov. 2008). Bautista, relying upon the

---

[1] The provision is now found at § 2D1.1(b)(2)(C) (Nov. 2009). We use the citation as it was when Bautista was sentenced.

[2] Reductions totaling seven levels were awarded. In addition to the captain-pilot enhancement, a two-level increase was applied due to reckless endangerment.

No. 09-41133

commentary to the guidelines, *see* § 2D1.1, cmt. n.8, contends that § 2D1.1(b)(2) must be interpreted in the light of § 3B1.3, which calls for a sentence enhancement when a "special skill" is used to commit crime.  U.S.S.G  § 3B1.3. He thus argues that the captain-pilot increase applies only when a captain-pilot defendant is a professional or has some higher degree of special skill, such as high-seas navigation.

Bautista further contends that the enhancement should not be applied to him because: he did not use a compass; did not navigate the high seas; had no crew (other than his co-conspirator) and no command structure; was not the sole individual with knowledge of the route; and was not listed on customs sheets as the captain.  To summarize, Bautista maintains that he is not a pilot within the meaning of § 2D1.1(b)(2) because he does not have special skills when the captain-pilot enhancement is interpreted in connection with § 3B1.3.

The issue presented is one of first impression for this court.  We are not, however, without guidance, as three circuits have addressed the captain-pilot increase, and all three have refused to construe it as narrowly as Bautista urges. *See United States v. Cartwright*, 413 F.3d 1295, 1298 (11th Cir. 2005); *United States v. Rendon*, 354 F.3d 1320, 1329 (11th Cir. 2003); *United States v. Senn*, 129 F.3d 886, 896-97 (7th Cir. 1997); *United States v. Guerrero*, 114 F.3d 332, 346 (1st Cir. 1997).  In each of these cases, the defendant(s) made arguments similar to Bautista's, and all such arguments were rejected, with the courts holding that the terms within § 2D1.1(b)(2) should be given their everyday meaning.  In so holding, the courts refused to apply rigid requirements of professionalism to the captain-pilot enhancement, opting instead for a common sense approach.  In *Senn*, the Seventh Circuit addressed the very issue

3

No. 09-41133

presented here and found that special skills, as defined in § 3B1.3, are not required under § 2D1.1(b)(2).  129 F.3d at 895.

We adopt the holdings of our sister circuits.  Thus, here, where Bautista drove a boat containing contraband, the trial court properly applied the captain-pilot enhancement.

### III.

For the reasons stated above, the district court did not err in assessing the captain-pilot enhancement against Bautista.  The trial court's imposition of the two-level enhancement is therefore

AFFIRMED.