**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

RAUL ANTONIO CRUZ-MENDEZ,
*Defendant-Appellant*.

Nos. 14-50154
14-50157

D.C. Nos.
13-CR-3970-LAB
08-CR-3618-LAB

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 21, 2015[*]
Pasadena, California

Filed January 27, 2016

Before: Johnnie B. Rawlinson and Jacqueline H. Nguyen,
Circuit Judges, and Michael A. Ponsor, Senior District
Judge.[**]

Opinion by Judge Ponsor

---

[*] The panel unanimously concluded this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

## SUMMARY[***]

### Criminal Law

The panel affirmed a sentence for possession of 100 kilograms or more of marijuana on a vessel, and a consecutive sentence for violation of the terms of supervised release imposed in a prior case.

The panel held that the district court did not err in applying a two-level "pilot/captain" enhancement under U.S.S.G. § 2D1.1(b)(3)(C), which applies where the defendant "acted as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance." The panel rejected the defendant's assertion that, because he simply operated a panga by standing at the tiller of the outboard motor, he lacked the requisite special skills or authority on the vessel to support the imposition of the enhancement. The panel explained that the fact that the Guidelines commentary acknowledges that pilots and boat captains may use "special skills" also subject to an adjustment under U.S.S.G. § 3B1.3 and dictates that the two sections may not both apply to the same conduct does not mean that § 2D1.1(b)(3) can only apply where such special skills are demonstrated by a pilot or captain.

The panel concluded that the 92-month total sentence was not substantively unreasonable.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Sarah R. Weinman, Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney; Bruce R. Castetter and Steve Miller, Assistant United States Attorneys, San Diego, California, for Plaintiff-Appellee.

## OPINION

PONSOR, Senior District Judge:

Defendant Raul Cruz-Mendez received an eighty-month sentence after pleading guilty to possessing one-hundred kilograms or more of marijuana on a vessel. In the same sentencing proceeding, he received a consecutive twelve-month sentence for violation of the terms of supervised release imposed in a prior case. On appeal, he raises two issues. First, Cruz-Mendez challenges the district court's imposition of a two-level enhancement to his offense level for the marijuana conviction, as contemplated under U.S.S.G. § 2D1.1(b)(3)(C) (the "pilot/captain" enhancement). Second, he contends that the combined sentence of ninety-two months was substantively unreasonable.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

## BACKGROUND

The underlying facts are not significantly disputed. On October 5, 2013, Customs and Border Protection agents

aerially observed two men operating a so-called "panga" vessel[1] off the coast of Ensenada, Mexico, heading northwest toward the United States. They also spotted several bales of suspected narcotics visible in the open hull. Shortly afterwards, a U.S. Coast Guard vessel initiated an interception of the panga, during which the helicopter crew observed defendant and another man dumping bales overboard. Warning shots from the Coast Guard vessel, and finally disabling gunfire directed at the engine, ultimately succeeded in bringing the panga to a stop, whereupon law enforcement agents recovered thirty-one bales of marijuana totaling over 568 kilograms. Cruz-Mendez and a co-defendant were arrested for possession of marijuana with intent to distribute, on a vessel, in violation of 46 U.S.C. §§ 70503 and 70506. At the time of his arrest, Cruz-Mendez was on supervised release for a 2008 conviction for transporting undocumented aliens in a vessel, in violation of 8 U.S.C. § 1324.[2]

On December 5, 2013, Cruz-Mendez pled guilty to the marijuana charge, and on January 6, 2014, he admitted to a violation of the terms of supervised release imposed in connection with his 2008 conviction. A consolidated sentencing hearing took place on April 1, 2014.

The presentence report filed by the probation department included application of the two-level "pilot/captain" enhancement for the specific offense characteristic of acting

---

[1] A panga boat is "an open-bow vessel commonly used for smuggling." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1117 (9th Cir. 2013).

[2] Cruz-Mendez had one additional earlier conviction in 2007 for possession with intent to sell marijuana.

"as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance[.]" U.S.S.G. § 2D1.1(b)(3)(C). With the enhancement, the probation department calculated Cruz-Mendez's guideline range to be seventy to eighty-seven months. After Cruz-Mendez objected to the two-level increase, the probation department filed an addendum asserting that, because Cruz-Mendez and his co-defendant possessed the skill of being able to pilot a vessel and exercised that skill in furtherance of their crime, the two-level increase was warranted. The government recommended a sentence of sixty months, based on a sentencing guidelines range of sixty to seventy-one months, which did not include the two-level upward adjustment.

At the hearing, the district court overruled Cruz-Mendez's objection to the application of the "pilot/captain" enhancement. Specifically, Cruz-Mendez argued that he and his co-defendant had equal responsibility on the boat, with each piloting the boat at different points of the voyage. The court determined that, by the Coast Guard's observation and by his own admission, Cruz-Mendez was operating the panga and was therefore the pilot of the vessel under the plain text of the enhancement. After recognizing the parties' agreement that the starting offense level was twenty-eight, the district court increased the level by two with the application of the "pilot/captain" enhancement.

With a three-level reduction for acceptance of responsibility and a four-level reduction based on the district's "fast track" program, the offense level was twenty-three, with a criminal history category of IV, generating a sentencing guideline range of seventy to eighty-seven months. The court imposed upon Cruz-Mendez a sentence in

the middle of this range: eighty months. With regard to the violation of supervised release the district court found, without objection, that the sentencing guideline range was fifteen to twenty-one months, but varied to a below-guideline sentence of twelve months, consecutive to the eighty-month sentence on the marijuana charge, resulting in a total of ninety-two months.

Cruz-Mendez filed a timely notice of appeal contesting both the application of the "pilot/captain" enhancement and the substantive reasonableness of the total sentence.

## STANDARD OF REVIEW

We review the district court's interpretation of the Sentencing Guidelines *de novo* and its application of the Guidelines to the facts of the case for abuse of discretion. *United States v. Garcia-Guerrero*, 635 F.3d 435, 438 (9th Cir. 2011). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

## DISCUSSION

### A. Interpretation and Application of the Enhancement

Cruz-Mendez contends that the district court's use of the "pilot/captain" enhancement to increase his offense level was legal error because the plain meaning of the terms "pilot," "captain," "navigator," and "officer," as well as the Guidelines commentary, structure, and legislative history, all support a narrow reading of the enhancement such that it applies only to individuals either who occupied a position of authority on the vessel or who possessed "special skills"

aboard the ship. Cruz-Mendez asserts that, because he simply operated a panga by standing at the tiller of the outboard motor, he lacked the requisite special skills or authority on the vessel to support the imposition of the enhancement.

The proper application of a "pilot/captain" enhancement is an issue of first impression in this circuit. We agree with every other circuit court to consider this issue – the First, Fifth, Seventh, and Eleventh – and hold that the proper reading of the "pilot/captain" enhancement is not as constrained as Cruz-Mendez suggests. *See United States v. Bautista-Montelongo*, 618 F.3d 464, 466–67 (5th Cir. 2010) (adopting the holdings of the First, Seventh, and Eleventh Circuit Courts of Appeals that the enhancement applied to a defendant who "drove a boat containing contraband"); *United States v. Rendon*, 354 F.3d 1320, 1329 (11th Cir. 2003) (declining to adopt a technical definition of "captain" and applying it to a defendant who operated a boat); *United States v. Senn*, 129 F.3d 886, 896–97 (7th Cir. 1997) (stating that "the plain language of the statute carries the day" and declining to find that a pilot or captain must have special skills), *abrogated on other grounds*, *United States v. Vizcarra*, 668 F.3d 516, 523 n.2 (7th Cir. 2012); *United States v. Guerrero*, 114 F.3d 332, 346 (1st Cir. 1997) (finding that the term "pilot" did not require proof of any special skill or authority, only evidence that the person steered the vessel).

The plain language of § 2D1.1(b)(3)(C), which calls for a two-level enhancement where "the defendant *acted* as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard *any craft or vessel* carrying a controlled substance" (emphasis added), is strongly indicative of a broad scope, not dependent on a finding of any particular formal training or type of boat. *See United States v. Shill*,

740 F.3d 1347, 1351 (9th Cir. 2014) (stating that "analysis begins and ends with the ordinary meaning of the statutory language"). The fact that the Guidelines commentary acknowledges that pilots and boat captains may use "special skills" also subject to a two-level adjustment under § 3B1.3 and dictates that the two sections may not *both* apply to the same conduct does not mean, as Cruz-Mendez would have it, that § 2D1.1(b)(3)(C) can *only* apply where such special skills are demonstrated by a pilot or captain. Such a reading would lead to complete overlap between the two sections, and would also ignore situations where an individual obviously assumed the role of pilot or captain but demonstrated little skill in doing so. *See Senn*, 129 F.3d at 890 (upholding application of the enhancement where defendant was listed as captain on customs documents and directed boat operations, but journey involved several stops for repairs, a stop for fuel, and a stop to ask directions from a passing freighter, followed by difficulty locating Jamaica). As with our sister circuits, we decline to apply "rigid requirements of professionalism" to the "pilot/captain" enhancement and instead opt for a "common sense approach." *Bautista-Montelongo*, 618 F.3d at 467.

We find no error in the application of the "pilot/captain" enhancement on the facts of this case. By Cruz-Mendez's own account, he was a lifelong fisherman hired to transport marijuana bales, and in so doing he operated a boat laden with substantial cargo in open water by controlling both its speed and direction.[3] Such conduct fully justifies the

---

[3] While Cruz-Mendez highlights that he had no authority over his co-defendant, he does not argue that his co-defendant had any authority over him while they were on the panga. *See Bautista-Montelongo*, 618 F.3d at 466–67 (upholding application of enhancement to career fisherman who,

imposition of the two-point enhancement. *Cf. United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005) (upholding application of the enhancement where defendant was a lifelong fisherman who was one of several men who drove the boat).

## B. Reasonableness of the Sentence

The district court's imposition of the twelve-month sentence for violation of supervised release consecutive to the eighty-month sentence for possession of marijuana on a vessel, resulting in a global sentence of ninety-two months, was not an abuse of discretion. *See Autery*, 555 F.3d at 871. In fact, the district court exercised its discretion in departing downward from the Guidelines range, "just not by as many months as [the defendant] requested." *United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011). Under these circumstances, we cannot say that the below-Guidelines sentence was substantively unreasonable.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

*inter alia*, did not use navigational tools and had no crew other than co-conspirator).