**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30346 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00252-BLW-1 |
| v. | |
| FRANK LEWIS WHITE, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted February 9, 2017
Seattle, Washington

Before: FISHER, PAEZ, and CALLAHAN, Circuit Judges.

Appellant Frank Lewis White challenges his conviction and sentence for

being a felon in possession of a firearm. Following a jury trial, the district court

issued an 84-month sentence. White argues that the district court committed

reversible error by admitting into evidence a taped phone conversation between

White and his brother as an adoptive admission under Fed. R. Evid. 801(d)(2)(B).

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

White also argues that his below-Sentencing Guidelines sentence is unreasonable under the circumstances. We review both issues for abuse of discretion, *United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir. 2004); *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 175 (2016), and affirm.

In October 2014, White was arrested on two outstanding arrest warrants. The officer who executed the arrest asked White if he had anything illegal on his person, to which White responded that he had marijuana in his pocket and a handgun underneath a seat of the car. A subsequent search revealed a 9mm handgun under the driver's seat. White was charged with violating 18 U.S.C. § 922(g)(1) for being a person who had previously been convicted of a crime punishable by imprisonment for more than one year, and who "knowingly possess[ed] in and affecting [interstate] commerce, a firearm . . . ." The offense carries a maximum penalty of 10 years' imprisonment. 18 U.S.C. § 924(a)(2).

After his arrest, White spoke with his brother from jail. White was advised that the call was being recorded. Over the course of the call, White's brother told him: "Yeah. I—I had a feeling that morning, man, when I was—remember, I looked right at you. I said, 'Leave the dog here and make sure you leave that fucking gun here, man. I got a bad feeling about you going to town in the daytime.'" White responded, "Well," but his brother talked over him. The

statement, if true, indicated that White knowingly possessed a firearm. White did not deny or otherwise object to the statement at any point during the remainder of the conversation. The district court admitted the conversation under Fed. R. Evid. 801(d)(2)(B) as an adoptive admission over defense counsel's objection.

Under Fed. R. Evid. 801(d)(2)(B), "[w]hen an accusatory statement is made in the defendant's presence and hearing, and he understands and has an opportunity to deny it, the statement and his failure to deny are admissible against him." *United States v. Moore*, 522 F.2d 1068, 1075 (9th Cir. 1975). Before such statement may be admitted and considered by the jury, "the trial judge must determine, as a preliminary question, whether the statement was such that under the circumstances an innocent defendant would normally be induced to respond." *Id.*

The district court made the requisite preliminary finding. The court considered whether White heard, understood, and acceded to his brother's statement, and accounted for the context of the two men talking over each other. It then determined that this factual circumstance was one in which an innocent party "would normally be expected to contradict or deny the statement if it was not true." While the court's explanation could have been more thorough, we hold that it satisfied its gatekeeping obligation to decide whether "sufficient foundational facts ha[d] been introduced for the jury reasonably to infer that [White] did hear and

3

understand the statement," and that White "did accede to the accusatory statement." *Id.* at 1076; *see also United States v. Monks*, 774 F.2d 945 (9th Cir. 1985) (upholding admission of incriminating statement where defendant's response was silence).

White also challenges his below-Guidelines sentence of 84 months. The district court must accurately calculate the applicable Sentencing Guidelines range (the parties do not dispute that it did so here), and then determine a sentence that considers various statutory factors, including *inter alia*, the nature and circumstances of the offense, the defendant's history and characteristics, the sentencing range under the guidelines, and the need to avoid sentencing disparities with similarly situated individuals. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing 18 U.S.C. § 3553(a)).

White argues that the district court erred in settling on his ultimate sentence by reasoning that a further downward departure could result in a sentencing disparity with "another defendant who has essentially done the same type of conduct as [] White, but who has no prior criminal record." White reasons that his Guidelines range of 100 to 120 months was based on a total offense level of 24 and criminal history category of VI, both of which accounted for his criminal past. In contrast, an individual with a less significant criminal history would likely have a base offense level of 12, would be placed in a lower criminal history category, and

would face a much lower Guidelines range. *See* U.S.S.G. §§ 2K2.1, 4A1.1. As a result, White argues that the hypothetical sentencing disparity on which the district court relied would not occur, and that his sentence is therefore substantively unreasonable.

White's argument is unavailing. Even were we to assume that the district court committed procedural error by comparing White to someone with a dissimilar criminal history, its below-Guidelines sentence is not substantively unreasonable. *See United States v. Ellis*, 641 F.3d 411, 422–423 (9th Cir. 2011). Because the district court "would be free on remand to impose exactly the same sentence by exercising [its] discretion under the now-advisory guidelines," what ultimately matters for purposes of our review is substantive reasonableness, not absolute fidelity to process. *See id.* at 421 (internal citation and quotation marks omitted) (alteration in original); *see also United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006) ("[I]t is the review for reasonableness, and not the validity of the so-called departure [from the Guidelines], that determines whether the sentence stands."). Accordingly, we uphold the district court's sentence.

**AFFIRMED**.