UNITED STATES of America, Plaintiff-Appellee,

v.

Scott Michael BOWMAN, Defendant-Appellant.

No. 16-50338

United States Court of Appeals, Ninth Circuit.

Submitted February 16, 2018 *
Pasadena, California

Filed February 22, 2018

L. Ashley Aull, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, Robert Heberle, Trial Attorney, DOJ—U.S. Department of Justice, Washington, DC, for Plaintiff-Appellee

Karen Lee Landau, Esquire, Attorney, Oakland, CA, for Defendant-Appellant

Before: McKEOWN and WARDLAW, Circuit Judges, and MENDOZA,** District Judge.

## MEMORANDUM ***

Scott Michael Bowman appeals his thirty-six month sentence imposed following his guilty plea to obstruction of justice, conversion, falsification of records, and

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

witness tampering. Interpretation of the sentencing guidelines is reviewed de novo, factual findings are reviewed for clear error, and application of the sentencing guidelines to the facts of the case is reviewed for abuse of discretion. *United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017); *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The obstruction of justice sentencing guideline, United States Sentencing Guideline ("U.S.S.G.") § 2J1.2, instructs courts to cross-reference to the guidelines applicable to the offense that was obstructed when calculating sentencing guideline ranges. U.S.S.G. § 2J1.2(c)(1). Here, the district court properly cross-referenced to U.S.S.G. § 2D1.1, the drug trafficking guideline, to calculate Bowman's sentence. By pleading guilty to obstruction of justice as charged in the indictment, Bowman admitted that he corruptly obstructed, influenced, and impeded an official proceeding in June 2014 by taking confiscated money. *See United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The only possible "official proceeding" within the meaning of 18 U.S.C. § 1512(c)(2) that Bowman's action could have obstructed, influenced, or impeded was the prosecution based on the methamphetamine distribution organization operating where the money was confiscated. Because the offense level for drug trafficking was greater than the one specified in the obstruction of justice guideline, the district court properly applied the cross-

* The panel unanimously concludes this case is suitable for decision without oral argument.

reference to calculate Bowman's guideline sentence range. U.S.S.G. § 2J1.2(a), (c)(1).

**AFFIRMED.**

