**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 31 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10329 |
| Plaintiff-Appellee, | D.C. No.<br>CR-00287-KJD-CWH |
| v. | |
| ANDREW J. GIBSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted June 7, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and STATON,** District
Judge.

Andrew Gibson appeals his conviction and sentence for possessing child

pornography. As to his conviction, Gibson argues that (1) his confession should

have been suppressed, and (2) he should have been permitted at trial to cross-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Josephine L. Staton, United States District Judge for
the Central District of California, sitting by designation.

examine Detective Shannon Tooley about her false statement in a prior proceeding. As to his sentence, Gibson challenges (3) the district court's application of the distribution enhancement, (4) the substantive reasonableness of the custodial sentence, and (5) the term and conditions of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Gibson's conviction, vacate the supervised release component of his sentence, and remand for resentencing.

1. We review de novo the district court's denial of Gibson's motion to suppress; we review the factual findings underlying the denial for clear error. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009). Even assuming that Gibson was "in custody" during questioning for *Miranda* purposes, Detective Tooley "adequately conveyed that [Gibson] had the right to consult with an attorney before questioning," *United States v. Loucious*, 847 F.3d 1146, 1151 (9th Cir. 2017), and thereafter Gibson voluntarily, knowingly, and intelligently waived his *Miranda* rights. *United States v. Price*, 921 F.3d 777, 791 (9th Cir. 2019). The district court did not err in finding that Gibson did not unequivocally request counsel. *See Davis v. United States*, 512 U.S. 452, 461–62 (1994). The recording of the interrogation is not definitively intelligible, and the district court was in the best position to resolve conflicting testimony from Gibson and Detective Tooley

2

about what was actually said.  *See United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008).

2.  We review for abuse of discretion Confrontation Clause challenges to limits on the scope of cross-examination.  *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc).  Even assuming that the district court abused its discretion by prohibiting Gibson from questioning Detective Tooley at trial about false statements she had made in a sworn warrant application in a prior case, any error was harmless beyond a reasonable doubt.  *See id.* at 1107–08 (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).  Detective Tooley's testimony was largely superfluous in light of the deluge of other evidence against Gibson, including testimony and corroborating reports from the forensic examiner regarding the images on Gibson's computers, forensic evidence and witness testimony establishing Gibson as the exclusive owner and user of those computers, and Gibson's confession.

3.  We review for clear error the district court's factual finding at sentencing that Gibson knew that illicit images placed or left in the Ares "shared" folder would be distributed to other users.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017).  The government submitted evidence that Gibson is a longtime Ares user with a sophisticated understanding of that program and computers generally, including his statement that he had been using Ares for nearly

a decade, his testimony that he knew how to remove files from Ares by "hiding" them in concealed local folders, and his cohabitant's testimony that Gibson was "very talented" with computers. Accordingly, the district court did not clearly err by inferring Gibson's knowledge of Ares's automatic file-sharing features and applying the distribution enhancement.

4. "We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016). Gibson argues that the district judge's comments regarding lesser sentences for defendants who admit guilt or accept plea deals indicate that the district judge improperly punished Gibson for going to trial. But Gibson is not situated similarly to persons who accepted responsibility or expressed remorse and a recognition of wrongdoing, and there is no indication that the district judge sought to retaliate against Gibson for proceeding to trial. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009); *see also Corbitt v. New Jersey*, 439 U.S. 212, 223–24 (1978); *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994) ("Our focus [is] on the defendant's personal contrition, rather than on his exercise of his constitutional rights.").

5. We review de novo constitutional challenges to conditions of supervised release. *United States v. Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015). Gibson's supervised release requires that he not go "any place where [he] know[s] children

4

. . . are likely to be." This condition leaves Gibson guessing as to how probable a child's presence would have to be at a given location—even those locations commonly understood to cater predominantly to adults—to trigger Gibson's exclusion. And, even if the condition were more definite, it would still sweep too broadly, effectively barring Gibson from any location—be it a grocery store, hospital, courthouse, or place of worship—where a child was present. The condition is therefore unconstitutional. *See United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018); *United States v. Soltero*, 510 F.3d 858, 866 (9th Cir. 2007).

Accordingly, we vacate Gibson's sentence as to supervised release and remand for resentencing, at which time Gibson may re-raise his concerns regarding the basis for imposition of a lifetime term of supervised release; the scope of pornography-restrictive conditions, *see United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015); whether a prospective familial exception to location-restrictive conditions is required, *see United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012); and whether the written judgment aligns with the oral pronouncement.

**AFFIRMED in part; VACATED and REMANDED in part.**