NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30222 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:19-cr-00302-DCN-1 |
| JUSTIN WILSON BEASLEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted March 29, 2023
U of Idaho Moscow

Before: TALLMAN, R. NELSON, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Justin Beasley appeals his jury conviction of one count of second-degree murder in Indian Country and his sentence of 327 months imprisonment for the 2018 murder of Austin Pevo. On February 3, 2018, Beasley stabbed and killed Pevo. Beasley and his friends then disposed of Pevo's body in a rural area of the Fort Hall Indian Reservation.

Beasley presents three arguments on appeal. First, that there was cumulative error at his trial, entitling him to a new trial. Second, that the district court abused its discretion when it assessed two criminal history points for Beasley's prior conviction of resisting and obstructing officers. And third, that the sentence imposed by the district court of 327 months was substantively unreasonable. Because we find no error, we affirm the jury verdict and the sentence imposed.

1. Individual errors at trial on their own "may not rise to the level of reversible error," however, "their cumulative effect may nevertheless be so prejudicial as to require reversal." *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993). "There can be no cumulative error when a defendant fails to identify more than one error." *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012). And here, the district court did not err because (1) there was no *Brady* violation, (2) it correctly instructed the jury on only self-defense and not justification, and (3) it allowed the prior consistent statements of government witnesses Brewster and Pocatilla at trial in conformance with Federal Rule of

Evidence 801(d).

Unpreserved *Brady* claims are reviewed for plain error. *United States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009). A district court's evidentiary rulings are reviewed for abuse of discretion. *Old Chief v. United States*, 519 U.S. 172, 174 n.1 (1997). A district court's rejection of a proposed jury instruction for lack of a factual foundation is also reviewed for abuse of discretion. *United States v. Gomez-Osorio*, 957 F.2d 636, 642 (9th Cir. 1992).

First, Beasley's unpreserved *Brady* violation fails because there is no evidence in the record that the government had the video in its possession. Instead, the victim's mother testified that she had the video, "[b]ut when I looked at it and then when I was going to show the detectives, it got erased, or it was deleted off and I couldn't save it." At trial, defense counsel was nevertheless able to question the victim's mother about the content of the video and establish before the jury that the victim had engaged in an altercation on some other occasion.

Next, the record supports the district court's finding that there was insufficient evidence to warrant an instruction on justification. The third element of the Ninth Circuit Model Jury Instruction for Justification requires a showing that "the defendant had no reasonable legal alternative." Ninth Cir. Model Crim. Jury Instr. No. 5.9. Beasley testified that he failed to stand up, leave, or tell the victim to stop. The district court did not abuse its discretion in determining that there was

3

therefore no foundation laid for such a justification instruction.[1]

Finally, the district court properly admitted Brewster and Pocatilla's prior consistent statements under Fed. R. Evid. 801(d). First, both Pocatilla and Brewster testified at trial and were subject to cross examination. Second, defense counsel insinuated through questioning that both Pocatilla and Brewster had a motive to fabricate their stories. Third, the government then properly offered under Rule 801(d) prior out-of-court statements that were consistent with the declarant's challenged in-court testimony. *See United States v. Collicott*, 92 F.3d 973, 979 (9th Cir. 1996). Finally, both Brewster and Pocatilla made their prior consistent statements before any suggested motive to fabricate arose.

2. The district court's application of the sentencing guidelines is reviewed for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The district court did not abuse its discretion when it assessed two criminal history points for Beasley's prior conviction of resisting and obstructing officers. Because Beasley's misdemeanor conviction resulted in a jail sentence of more than 30 days and was similar to an offense enumerated in

---

[1] Because the district court's decision did not abuse its discretion in determining that a justification instruction was not supported by the record, we need not address Beasley's argument that the district court's alternative rationale—that the self-defense instruction adequately covered his theory of the case—was erroneous.

U.S.S.G. § 4A1.2(c)(1), the conviction was properly counted in his criminal history score.

3. We review the substantive reasonableness of the sentence imposed for abuse of discretion. *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016). The record shows that the district court's sentence was reasonable because (1) it considered all the relevant 18 U.S.C. § 3553(a) factors, and (2) the sentence of 327 months fell within the guideline range. *Rita v. United States*, 551 U.S. 338, 350 (2007) (stating that courts of appeal may "presume that a sentence imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence.")

**AFFIRMED**.