NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50075 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00375-VAP-1 |
| v. | |
| DONOVAN ROMO, AKA party.like.a.rock, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted July 13, 2023
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,[**] District Judge.

Defendant Donovan Romo pled guilty to one count of possessing child pornography under 18 U.S.C. § 2252A(a)(5), and one count of distributing it under 18 U.S.C. § 2252A(a)(2). The Guideline range was 151 to 188 months. The

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

district court sentenced Mr. Romo to a 96-month term of imprisonment and a 30-year term of supervised release.

On appeal, Mr. Romo challenges the procedural adequacy of the district court's explanation of supervised release, as well as the substantive reasonableness of the term of imprisonment, term of supervised release, and three special conditions of supervised release. Reviewing the procedural challenges for plain error,[1] *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and the substantive challenges for abuse of discretion, *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016), we affirm.

1. The district court did not plainly err by failing to explain in detail why it imposed a thirty-year term of supervised release. A sentencing court need not "expressly state its reasons" for imposing a term of supervised release when "the record shows that the court considered the arguments and evidence" presented. *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008). Here, as in *Daniels*, the district court stated that it had read the parties' submissions, including "a PSR,

---

[1] Because Mr. Romo "failed to object on the ground that the district court erred procedurally in explaining and applying the § 3553(a) factors, we review only for plain error." *Valencia-Barragan*, 608 F.3d at 1108. Mr. Romo argues we should review for an abuse of discretion because he "could not object before the sentence and conditions were imposed, because he could not foresee that the district court would fail sufficiently to explain them." But our precedent does not require trial judges to "invite new objections after announcing the sentence but prior to adjourning a sentencing hearing." *United States v. Vanderwerfhorst*, 576 F.3d 929, 934 (9th Cir. 2009).

the addendums, the government's position, the victim impact statement, defendant's position paper, the exhibits," and "the exhibit from the doctor." The court then explained its concerns about the risks of recidivism and recognized Mr. Romo's mitigating circumstances. It said that the 60-month statutory minimum was too low, but the Guideline range was too high. The court also summarized the issues and its concerns before imposing the sentence. The record shows that the parties' "arguments have been heard, and that a reasoned decision has been made." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).

2. Nor did the district court plainly err in explaining its reasons for imposing special condition 11, which bars Mr. Romo from possessing or viewing sexually explicit materials, and special condition 18, which allows warrantless searches of Mr. Romo's electronic devices. "Circuit law establishes that a sentencing judge is not required 'to articulate on the record at sentencing the reasons for imposing each condition' of supervised release, where we can determine from the record whether the court abused its discretion." *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (footnote omitted) (quoting *United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003)). The record here assures us that the district judge did not plainly err in imposing special conditions 11 and 18. *See Daniels*, 541 F.3d at 922; *Rearden*, 349 F.3d at 619 (affirming where "the PSR spelled out the relationship between [the special conditions] and the factors set forth in § 3583(d) in detail").

3

Mr. Romo argues that the district court had to make special findings during sentencing before imposing special conditions 11 and 18 because they involve significant liberty interests. *See United States v. Weber*, 451 F.3d 552, 561 (9th Cir. 2006). However, he cites no controlling authority, and we are not aware of any, applying this heightened standard under similar circumstances. And an "error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results."[2] *United States v. Wijegoonaratna*, 922 F.3d 983, 991 (9th Cir. 2019) (quoting *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003)).

3. Turning to Mr. Romo's substantive challenges, the district court did not abuse its discretion by imposing a 96-month term of imprisonment followed by a 30-year term of supervised release. The district court considered the § 3553(a) factors, the 96-month sentence is significantly below the Guideline range of 151-188 months, and we have "held that sentencing individuals convicted of possessing child pornography to lifetime terms of supervised release is not substantively unreasonable." *United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011).

4. We also affirm the district court's imposition of special conditions 9, 11,

---

[2] Mr. Romo says that *United States v. Bare*, 806 F.3d 1011 (9th Cir. 2015), overruled *Rearden* and the government's other authorities. But *Bare* is inapposite; it dealt with a substantive challenge to the validity of a computer search condition, not a procedural challenge to the court's explanation of the condition. *See Bare*, 806 F.3d at 1017–19.

and 18. We have rejected similar challenges to special condition 9, which subjects Mr. Romo to risk assessment evaluations and psychological testing. *See, e.g.*, *United States v. Hohag*, 893 F.3d 1190, 1194 (9th Cir. 2018); *Daniels*, 541 F.3d at 925–26; *United States v. Stoterau*, 524 F.3d 988, 1007 (9th Cir 2008). The district court did not abuse its discretion because it expressed concerns of recidivism, and those concerns have "support in inferences that may be drawn from the facts in the record." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

The record also supports special condition 11. The presentence investigation report ("PSR") explained the relationship between special condition 11 and the § 3583(d) factors, and the district judge articulated her own record-based concerns of recidivism and explained why she thought special condition 11 was reasonably necessary to guard against it. *See Rearden*, 349 F.3d at 619. Nor is special condition 11 overbroad in violation of the First Amendment. Mr. Romo relies on *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), which considered a similar, but materially different, condition that barred the defendant "from setting foot inside his local Walmart, a library that loans R-rated movies, or a movie theater showing an R-rated film with a simulated sex scene (even if Gnirke enters the theater to see a different film)." *Id.* at 1162. Mr. Romo, on the other hand, can go

5

wherever he wants. He just cannot view or possess material with sexually explicit content. The district court did not abuse its discretion in imposing special condition 11.[3]

We also uphold special condition 18. "[T]o comply with the Fourth Amendment, [a computer monitoring condition] must be narrowly tailored— producing no greater deprivation of liberty than is reasonably necessary." *United States v. Sales*, 476 F.3d 732, 737 (9th Cir. 2007). Such tailoring occurred here given the circumstances of Mr. Romo's crime and his personal history, both of which were discussed in the PSR and by the district judge at sentencing. *See, e.g.*, *United States v. Quinzon*, 643 F.3d 1266, 1271–75 (9th Cir. 2011) (affirming a similar computer monitoring condition for a child pornography offense).

**AFFIRMED.**

---

[3] We express no opinion about whether special condition 11—which bars Mr. Romo from viewing and possessing materials depicting actual, but not simulated, sexually explicit conduct involving adults, as defined by 18 U.S.C. §§ 2256(2)(A) and 2257(h)(1)—is unconstitutionally vague. Because neither party raised this argument before the district court or on appeal, we deem it waived. *See United States v. Lucas*, 70 F.4th 1218, 1221 (9th Cir. 2023).