NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50256 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00340-DSF-1 |
| v. | |
| BILLY EDWARD FREDERICK, AKA A4SBILL@GMAIL.COM, AKA BILLME@GMAIL.COM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 14, 2024**
Pasadena, California

Before: OWENS, BADE, and FORREST, Circuit Judges.

Billy Edward Frederick ("Frederick") appeals the life sentence imposed

following his guilty plea to one count of production of child pornography for

transportation into the United States in violation of 18 U.S.C. § 2251(c)(1) and one

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

count of enticement of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). The sole issue in this appeal is whether the district court's imposition of a life sentence was substantively reasonable.[1] We review the substantive reasonableness of a life sentence for abuse of discretion. *United States v. Cruz-Mendez*, 811 F.3d 1172, 1175 (9th Cir. 2016). As the parties are familiar with the facts, we do not recount them here. We affirm.

We determine whether the district court abused its discretion and whether the sentence imposed is substantively reasonable by using the sentencing factors listed in 18 U.S.C. § 3553(a) and the sentencing range established by the U.S. Sentencing Guidelines. *United States v. Vasquez-Perez*, 742 F.3d 896, 900–01 (9th Cir. 2014). A within-Guidelines sentence is not presumed reasonable, but in many cases, a Guidelines sentence falls within the range of reasonable sentences. *United States v. Carty*, 520 F.3d 984, 988, 994 (9th Cir. 2008) (en banc). Vacating a sentence is only justified "if the district court's decision not to impose a lesser sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Wilson*, 8 F.4th 970, 977–78 (9th Cir. 2021) (per curiam) (quoting *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013)).

---

[1] The government has decided to waive reliance on the appellate waiver provision in Frederick's plea agreement. Accordingly, we address only the merits of Frederick's challenge to the substantive reasonableness of his sentence.

The district court did not abuse its discretion by imposing a life sentence on Frederick; it properly conducted an individualized determination using the 18 U.S.C. § 3553(a) factors. *See United States v. Stoterau*, 524 F.3d 988, 1001–02 (9th Cir. 2008) (quoting *Carty*, 520 F.3d at 994). Because Frederick's crimes were extreme and cruel and because of the need to deter him, deter others, and protect the public, a life sentence here is substantively reasonable. *See* 18 U.S.C. § 3553(a).

Frederick argues his life sentence is substantively unreasonable because of mitigating characteristics and sentencing disparities. Frederick addresses, as mitigating facts, his abusive childhood, his low risk of recidivism, his remorse, and that he never had any physical contact with his victims. The district court discounted those facts and instead stated that, if anything, they were aggravating factors. *See United States v. Contreras-Hernandez*, 628 F.3d 1169, 1173 (9th Cir. 2011) ("[A] court must 'consider' the listed factors," not automatically lower "the sentence below the guidelines range if any mitigating factor is present." (footnote omitted)). The mitigating evidence here is outweighed by Frederick's production of thousands of images and videos of child pornography, over several years, and forcing children to commit sexual acts—at times, incestuous acts—with other children.

Further, Frederick argues that his sentence creates an unfair disparity, citing

cases that may have more aggravating facts than the instant case. However, district courts have discretion when imposing criminal sentences. *See Wilson*, 8 F.4th at 977–78; *see also United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006) (noting that even if an unwarranted disparity were assumed, that factor alone would not render the sentence unreasonable).

Lastly, Frederick argues that, as a policy matter, the child pornography production Guideline is overly punitive by "failing to differentiate between defendants based on culpability" and "skew[ing] sentences for even average defendants to the upper end of the statutory range." However, "district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them." *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). And, in any event, for the reasons stated above, the district court's sentence was substantively reasonable and supported by the record.

**AFFIRMED**.