**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> NICOLAS VASQUEZ-PEREZ, *Defendant-Appellant*. | No. 12-10433 <br><br> D.C. No. 4:12-cr-50033-DCB-JR-1 <br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted January 13, 2014[*]
San Francisco, California

Filed February 10, 2014

Before: Arthur L. Alarcón, Richard C. Tallman,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Alarcón

---

 [*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

Affirming a judgment revoking supervised release and the sentence imposed upon revocation, the panel held that the provisions in Fed. R. Crim. P. 32.1 pertaining to initial appearances are inapplicable when a defendant is in custody on underlying criminal charges at the time the revocation proceedings are initiated.

The panel held that the magistrate judge therefore did not err in failing to inform the defendant of the allegations against him at the initial proceeding. The panel also held that the defendant was provided proper notice of the alleged supervised-release violation prior to his revocation hearing.

The panel rejected the defendant's contentions that the district court committed procedural error at sentencing and that the sentence is substantively unreasonable.

The panel rejected as foreclosed the defendant's contention that he was denied the procedural protections guaranteed by *Boykin v. Alabama*.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Robert H. Sigal, Tucson, Arizona, for Defendant-Appellant.

Heather Sechrist, Assistant United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

ALARCÓN, Circuit Judge:

Nicolas Vasquez-Perez was sentenced to serve 21 months for violating the terms of his supervised release by illegally reentering the country after he had been deported. He contends in this appeal that he was not provided with adequate notice of the allegations against him, that his sentence was unreasonable, and that he was denied the protections of *Boykin v. Alabama*, 395 U.S. 238 (1969). We affirm.

## I

On August 21, 2011, U.S. border patrol agents found Nicolas Vasquez-Perez hiding in the desert brush outside Quijota, Arizona. He was in the country unlawfully, having been deported five months earlier. The agents arrested him, and two days later he was charged with illegally reentering the country after deportation, a violation of 8 U.S.C. § 1326.

At the time of his arrest, Vasquez-Perez was five months into a three-year term of supervised release, which was imposed after a 2010 conviction for illegal reentry following deportation. One of the conditions of his supervised release

was that he not commit any federal, state, or local crimes. On February 7, 2012, the U.S. Probation Office filed a petition to revoke Vasquez-Perez's supervised release, based on the illegal-reentry charges stemming from the Quijota incident. At that time, Vasquez-Perez remained in custody on those charges. That same day, an Arizona district court issued an arrest warrant in the supervised-release matter and took notice of the related illegal-reentry case. On February 14, 2012, Vasquez-Perez made an initial appearance on the revocation matter.

Vasquez-Perez was sentenced on the criminal charge of illegal reentry and for violating the terms of his supervised release on August 9, 2012. Prior to the sentencing hearing, he reached a plea agreement with the Government for the illegal-reentry charge that called for a sentence of 27 to 33 months. There was no prior agreement, however, regarding the alleged supervised-release violation. The district court considered both parties' recommendations before pronouncing its sentence. Vasquez-Perez argued that a combined sentence of 42 months would be sufficient but not greater than necessary. The Government disagreed. It argued for a combined sentence of 54 months—33 months for the illegal-reentry offense and 21 months for the supervised-release violation.

Before sentencing Vasquez-Perez, the court expressed its concern over his extensive criminal history, which included a number of instances of unlawful entry into the United States as well as convictions for other felony offenses. Because of his record, the district court stated that it was necessary to impose a sentence of sufficient length to deter Vasquez-Perez from reentering the United States illegally. The district court sentenced Vasquez-Perez to serve a 30-month term for the crime of illegal reentry, and a 21-month term for his violation

of supervised release. The sentences were ordered to run consecutively for a total of 51 months. In this appeal, Vasquez-Perez challenges only the 21-month sentence for violating the terms of his supervised release.

## II

We first address Vasquez-Perez's claim that his due process rights were violated because he was given insufficient notice of the alleged violation of his supervised release. "The Supreme Court has defined certain minimal due process requirements for parole revocation. It has also extended these protections to probation revocation." *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998) (citations omitted). Rule 32.1 of the Federal Rules of Criminal Procedure, "which applies to supervised release revocation, incorporates these due process requirements as well." *Id.*

Rule 32.1 sets forth the basic procedural framework for revocation proceedings. It calls for three separate hearings: an initial appearance, a preliminary hearing, and a revocation hearing. Fed. R. Crim. P. 32.1(a)–(b). At an initial appearance, the magistrate judge "must inform the person of . . . the alleged violation of probation or supervised release." *Id.* at 32.1(a)(3)(A). Similarly, at a preliminary hearing, "[t]he judge must give the person[] notice of . . . the alleged violation." *Id.* at 32.1(b)(1)(B)(i). At the revocation hearing, a defendant is entitled to "written notice of the alleged violation." *Id.* at 32.1(b)(2)(A). "Whether a defendant received sufficient notice to satisfy due process incorporated by [Rule] 32.1 is reviewed de novo." *Havier*, 155 F.3d at 1092.

**A**

Vasquez-Perez contends that we must vacate his sentence for violating the terms of his supervised release because he was not provided notice of his alleged violation at his initial appearance on February 14, 2012. The record shows that the proceeding was conducted en masse, with a number of other defendants also appearing. The magistrate judge asked counsel collectively whether they waived the reading of the allegations against the defendants. The record reflects "[s]imultaneous affirmative responses by various defense counsel." The record does not indicate, however, whether Vasquez-Perez's attorney responded. Vasquez-Perez maintains that any alleged waiver of his Rule 32.1 right to be informed of the allegations against him was ineffective.

Our circuit has not yet considered whether Rule 32.1's initial-appearance provisions apply in cases such as this one, where the defendant is already in custody on other charges at the time a revocation proceeding was initiated. We have, however, determined that the Rule's analogous provisions for preliminary hearings do not apply in such cases. *See United States v. Diaz-Burgos*, 601 F.2d 983, 984–85 (9th Cir. 1979) ("[W]e do not agree . . . it was necessary to provide him with a preliminary probable cause hearing . . . because appellant was already in custody at the time of the revocation proceeding by reason of a second re-entry prosecution.").

If Rule 32.1's preliminary-hearing provisions are inapplicable when a revocation proceeding is initiated against a defendant who is already in custody on separate criminal charges, then the Rule's initial-appearance provisions should be similarly inapplicable in that context. Both provisions apply only to persons in custody for violating probation or

supervised release. Fed. R. Crim. P. 32.1(a)(1), (b)(1)(A). Neither expressly applies to persons *already* in custody for a separate offense.

Further, the due process concerns that Rule 32.1 addresses are not implicated by a revocation proceeding that is initiated against a defendant who is already in custody on underlying criminal charges. A defendant facing revocation ordinarily is entitled to due process because such proceedings entail a "serious deprivation" of liberty. *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973). Thus, both the initial-appearance provisions and the preliminary-hearing provisions make sense when an individual is initially brought into custody for violating the terms of his or her supervised release. These individuals have been deprived of their liberty, and they must be provided the procedural protections of Rule 32.1.

But the calculus changes when a defendant is already being held for an offense other than the alleged probation or supervised-release violation. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Whether any procedural protections are due depends on the extent to which an individual will be condemned to suffer grievous loss." (internal quotation marks omitted)). When a defendant facing revocation is already in custody on underlying charges, there is no immediate loss of liberty. Whatever "grievous loss" the defendant suffered was visited upon him or her at the time he or she was initially incarcerated on the underlying criminal charges. Thus, the interest protected by the initial-appearance and preliminary-hearing provisions—a defendant's right to liberty—is not implicated in cases where he or she is already in custody on criminal charges at the time the revocation proceedings are initiated.

Accordingly, we hold that the provisions in Rule 32.1 pertaining to initial appearances are inapplicable when a defendant is in custody on underlying criminal charges at the time the revocation proceedings are initiated. The magistrate judge did not err in failing to inform Vasquez-Perez of the allegations against him at the initial proceeding.

**B**

We turn next to the question of whether Vasquez-Perez was provided sufficient written notice of his alleged supervised-release violation prior to his revocation hearing. The written-notice requirement is satisfied in a revocation proceeding when a defendant has been apprised in writing of both the underlying factual incident and the specific statute he or she is charged with violating. *See Havier*, 155 F.3d at 1093–94 (explaining that a revocation petition should leave no confusion as to the factual incident or the legal statutory offense being charged). Vasquez-Perez admitted that he received the revocation petition prior to his sentencing hearing. The petition alleged that he violated the terms of his supervised release by committing a crime. Specifically, it contended that Vasquez-Perez violated 8 U.S.C. § 1326 by illegally reentering the United States near Quijota, Arizona on or before August 21, 2011. The revocation petition properly identified the statute Vasquez-Perez was charged with violating and alleged the underlying facts. Accordingly, we are persuaded that Vasquez-Perez was provided proper notice of the alleged violation of his supervised release.

**III**

Vasquez-Perez next challenges the overall reasonableness of his 21-month sentence. We address such challenges in a

two-part analysis: "we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

## A

Before imposing a sentence, a district court must "(1) correctly calculate the Sentencing Guidelines range; (2) treat the Guidelines as advisory; (3) consider the 18 U.S.C. § 3553(a) factors; (4) choose a sentence that is not based on clearly erroneous facts; (5) adequately explain the sentence; and (6) not presume that the Guidelines range is reasonable." *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010) (footnote omitted). Vasquez-Perez contends the district court did not adequately consider the § 3553(a) factors or properly explain the basis for the sentence. Because he did not raise these objections at sentencing, we review for plain error. *Id.*

A district court must explain its sentencing decision in a way that permits for meaningful appellate review. *Carty*, 520 F.3d at 992. Whether a district court's explanation is sufficient depends on the context and complexity of a case. *Id.* "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *Id.* Indeed, a sentence within the Guidelines range often needs little explanation, and a sufficient explanation can sometimes be inferred from the record as a whole. *Id.*

We find no fault in the sentencing procedure employed in this matter. The 21-month sentence is at the low end of the Guidelines range, which calls for a sentencing range of 21 to 24 months. The district court reviewed both the presentence

report and Sentencing Commission's policy statements and heard from both parties before announcing its sentence. While the court did not expressly state it had considered the § 3553(a) factors, it was not required to do so. *See Carty*, 520 F.3d at 992 ("We assume that district judges . . . understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines."). The record demonstrates that the court considered the § 3553(a) factors, and that is sufficient.

Section 3553(a) instructs district courts to consider the Guidelines, the pertinent policy statements, and the need for a sentence to promote deterrence, protect the public from a defendant's further crimes, and to foster respect for the law, among other things. 18 U.S.C. § 3553(a). The district court stated that deterrence was the driving force behind its decision. Its explanation demonstrates a concern for public safety and reflects the need for Vasquez-Perez to respect the law. The court noted that Vasquez-Perez repeatedly disregarded the law, and it expressed particular concern that he had illegally reentered the country on multiple occasions. It stated, "I'm . . . telling you that if you ever come back again, your sentence is going to be a lot longer." The record is quite clear that the district court considered Vasquez-Perez's arguments and based its decision on the advisory Guidelines range, the pertinent policy statements, and the sentencing factors set forth in 18 U.S.C. § 3553(a). Therefore, we are persuaded that it did not commit procedural error.

**B**

Having determined that the district court did not commit procedural error in sentencing Vasquez-Perez, we turn to the question of whether the sentence was substantively

reasonable. We review the substantive reasonableness of a sentence for abuse of discretion based on the totality of the circumstances. *Carty*, 520 F.3d at 993. "In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines." *United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir. 2006). When a sentence falls within the Guidelines, "it is probable that the sentence is reasonable." *Carty*, 520 F.3d at 994 (quoting *Rita v. United States*, 551 US 338, 351 (2007)).

Vasquez-Perez contends his sentence is unreasonable because it is disproportionate to the length of his prior sentences. We disagree. The district court expressed justifiable concern that Vasquez-Perez's prior incarcerations did not deter him from repeatedly reentering the United States illegally. The record does not indicate the district court abused its discretion in imposing its sentence.

## IV

Finally, Vasquez-Perez argues he was denied the procedural protections guaranteed by *Boykin v. Alabama*, 395 U.S. 238 (1969). Specifically, he contends that he should have been informed that he had a right against self-incrimination and a right to testify on his own behalf. This argument, however, is foreclosed by our opinion in *United States v. Segal*, 549 F.2d 1293 (9th Cir. 1977). There, we held that *Boykin*'s safeguards do not apply in revocation proceedings. *Id.* at 1296 ("The more difficult question is whether *Boykin* safeguards apply at this stage. . . . [W]e believe a reasoned answer must be no.").

**CONCLUSION**

The district court did not err in imposing a sentence based on Vasquez-Perez's violation of the provisions of his supervised release. Because he was already in custody when the revocation proceeding was initiated, he was not entitled to an initial appearance with all of the requirements specified in Rule 32.1 of the Federal Rules of Criminal Procedure. We also conclude that the 21-month revocation sentence was reasonable, and that Vasquez-Perez was not entitled to the protections of *Boykin v. Alabama.*

**AFFIRMED.**