**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10192 |
| Plaintiff - Appellee, | D.C. No. 2:00-cr-00076-PMP-RJJ-1 |
| v. | |
| LEROY ROOSEVELT MACK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted June 9, 2015[**]
San Francisco, California

Before: SCHROEDER, D.W. NELSON, and IKUTA, Circuit Judges.

Leroy Roosevelt Mack ("Mack") appeals the length of his supervised release

after a revocation of supervised release, as well as a condition placed on his

supervised release. Because Mack did not object to either the length or the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

condition at sentencing, we review for plain error. *United States v. Chhun*, 744 F.3d 1110, 1123 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mack argues that the district court did not adequately explain the reason for its chosen sentence. The district court imposed an additional length of supervised release after revocation that was within the Guidelines. A sentence that is within the Guidelines "often needs little explanation." *United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014) (citing *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). The district court specifically referenced the applicable factors laid out in 18 U.S.C. § 3553(a) and did not plainly err.

Mack also argues that the district court improperly lengthened his sentence in order to promote rehabilitation in violation of *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011) and *United States v. Grant*, 664 F.3d 276, 280–81 (9th Cir. 2011). Although the district court did mention the need for "corrective treatment," the reference was made in the context of considering the length of both the prison sentence and the supervised release. *Tapia* and *Grant* apply only to the length of a prison sentence, not the length of supervised release. There was no plain error in the district court mentioning the need for corrective treatment when considering the length of supervised release.

2

Finally, Mack argues that the district court plainly erred in imposing a condition of no contact with the victim of his domestic abuse for four months after his release from custody. Mack was released from custody on October 30, 2014. Thus, the four months have already passed, and this issue is moot. *See, e.g., Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).

**AFFIRMED**.