**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30163 |
| Plaintiff–Appellee, | D.C. No. 3:16-cr-00171-JO-1 |
| v. | |
| JAZMAN ANTOINE MOORE, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted June 8, 2018[**]
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and KORMAN,[***] District Judge.

Defendant-Appellant Jazman Moore was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

court denied Moore's suppression motion, Moore entered an unconditional guilty plea, in which he acknowledged that by pleading guilty he would not "be able to appeal from the judge's denial of any pretrial motions." He was ultimately sentenced to 57 months' imprisonment. We affirm.

1. Moore's appeal of the denial of his suppression motion is foreclosed by his unconditional guilty plea, which "waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013). Moore's reliance on Federal Rule of Criminal Procedure 11(b)(1)(N) is misplaced. That rule requires district courts to inform defendants of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). Here, however, there was no plea agreement, only an unconditional guilty plea. Rule 11(b) thus did not require the district court "to inform the defendant that his guilty plea waives the right to appeal." *United States v. Cortez*, 973 F.2d 764, 768 (9th Cir. 1992).

Nor does it matter that the district court stated, at the close of sentencing, that "[i]f you wish to appeal further, you may do so." That statement, which occurred six months after Moore's unconditional plea, does not show that his plea––with its inherent waiver—was involuntary or unknowing when entered. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1176–77 (9th Cir. 2005).

2

2. Moore also contends that the district court procedurally erred by failing to adequately address his argument that, given his mental capacity and physical condition, he should receive a lower sentence. Because Moore did not object to the district court's explanation of its sentence below, we review for plain error. *See United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014). We find none. The record reflects that the district court heard Moore's mitigation arguments and sufficiently explained why it sentenced Moore to a term at the top of the Guidelines range.

**AFFIRMED.**