NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10260 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 1:13-cr-00007-DAD-BAM-1 |
| MARCELLO JEROME PINKNEY, AKA Cello, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 17, 2019**
San Francisco, California

Before: THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,***
District Judge.

Marcello Jerome Pinkney appeals the district court's judgment revoking his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

term of supervised release and imposed a sentence of 18 months in prison and 18 months on supervised release with special conditions. We exercise jurisdiction under 28 U.S.C. § 1291. Pinkney argues that the sentence is procedurally erroneous and substantively unreasonable. Because we find procedural error, we vacate and remand for resentencing without addressing his challenges to the substantive reasonableness of his sentence or the special conditions of supervised release.

Similar procedural safeguards govern sentencing on an offense under the ranges in Chapter 5 of the Sentencing Guidelines and revocation of supervised release under the ranges in the Sentencing Commission's Chapter 7 policy statements. See United States v. Miqbel, 444 F.3d 1173, 1177–78 (9th Cir. 2006). A district court should begin all sentencing proceedings with a calculation of the applicable advisory range. Gall v. United States, 552 U.S. 38, 49 (2007). Once the district court considers the applicable factors under 18 U.S.C. § 3553(a) and selects a sentence, it must explain the sentence sufficiently to provide meaningful appellate review. United States v. Carty, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc). A sentence within the advisory range often needs little explanation, and a sufficient explanation can sometimes be inferred from the record as a whole. United States v. Vasquez-Perez, 742 F.3d 896, 900 (9th Cir. 2014). On the other hand, if the district court determines that a sentence outside the advisory range is warranted, it must state at the time of sentencing the "specific reason for the imposition of a sentence

different from that described." 18 U.S.C. § 3553(c)(2); see Miqbel, 444 F.3d at 1177–78 (statutory requirement applies equally to revocation proceedings). As to conditions of release, unless the reasonableness of the restriction is apparent from the record, the district court must state at sentencing the reasons for imposing each condition. United States v. Collins, 684 F.3d 873, 890 (9th Cir. 2012).

At sentencing, Pinkney did not object to the adequacy of the district court's explanation of the sentence. Accordingly, we review for plain error. Miqbel, 444 F.3d at 1176.

The district court did not state (1) the applicable range in the Chapter 7 policy statements, (2) how it resolved the various factual disputes in the dismissed charges, or if it declined to consider them, (3) why it imposed a term of imprisonment seven months more than the high end of the 5 to 11 month range that the U.S. Probation Office calculated, (4) why it imposed the maximum authorized term of supervised release, or (5) why it imposed various special conditions of release (specifically, Nos. 2–6, and 9). The district court stated that it had considered the various statutory sentencing factors and the Sentencing Commission policy statements, but such generalized statements are insufficient to provide meaningful appellate review. The district court's brief admonishment that Pinkney needed to change was not tied to any specific sentencing factor and reflects merely general advice not linked to this defendant. Finally, the district court's reasoning cannot be inferred from the record

as a whole.  See Carty, 520 F.3d at 992.  Although Pinkney did not object to the district court's failure to explain the sentence, the district court's omissions collectively constitute "significant procedural error."  Gall, 552 U.S. at 51. Accordingly, we vacate Pinkney's sentence and remand for resentencing.

**VACATED and REMANDED for resentencing**.