**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10446 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00710-SOM-1 |
| v. | |
| MATTHEW BERCKMANN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Argued and Submitted July 8, 2020
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Defendant-Appellant Matthew Berckmann appeals from his convictions for

assault with a dangerous weapon, a violation of 18 U.S.C. § 113(a)(3), and assault

of a spouse by strangulation, a violation of 18 U.S.C. § 113(a)(8). Berckmann

argues: (1) the district court improperly admitted evidence under Federal Rule of

Evidence 404(b); (2) his conviction on Count 2, assault of a spouse by

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

strangulation, was not supported by sufficient evidence; (3) defense counsels'

assistance was ineffective; and (4) his 41-month within-Guidelines sentence was

substantively unreasonable.  We have jurisdiction under 28 U.S.C. § 1291.  As the

parties are familiar with the facts, we do not recount them here.  We affirm.[1]

1.      The relevant question on a sufficiency of the evidence challenge is

"whether, after viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime

beyond a reasonable doubt."  *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir.

2004) (internal quotation marks, emphasis and citation omitted).  Here, taking the

testimony of multiple eyewitnesses in the light most favorable to the prosecution, a

rational trier of fact could have determined that Berckmann "intentionally,

knowingly, or recklessly imped[ed] the normal breathing or circulation of the

blood of a person by applying pressure to the throat or neck."  18 U.S.C.

§ 113(b)(4).  As such, the evidence was sufficient to support the jury's finding on

Count 2.

2.      Successful claims of ineffective assistance of counsel must

demonstrate: (1) that counsel's performance "fell below an objective standard of

reasonableness"; and (2) prejudice stemming from any deficiencies in

---

[1]   We resolve Berckmann's Rule 404(b) arguments in a concurrently filed opinion.

performance.[2] *Elmore v. Sinclair*, 799 F.3d 1238, 1248-49 (9th Cir. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Generally, we "defer to trial counsel's strategic decisions . . . based on an adequate inquiry." *Correll v. Ryan*, 539 F.3d 938, 948 (9th Cir. 2008) (quotation marks omitted).

Here, defense counsels' performance did not fall below an "objective standard of reasonableness," *id*. at 942, as counsel made a "reasonable tactical choice" not to call Berckmann's wife to testify based on the circumstances of the case. *Id*. at 948 (internal quotation marks and citation omitted). His wife's recall was inconsistent and lacked sufficient detail, and her testimony ran the risk of opening the door to harmful expert testimony (that defense counsel had otherwise convinced the trial court to exclude) and to further evidence of other attacks. Additionally, Berckmann failed to demonstrate prejudice stemming from defense counsels' decision. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). Thus, Berckmann was not deprived of effective assistance of counsel.[3]

---

[2] While ineffective assistance of counsel claims are generally raised in post-judgment habeas corpus proceedings, such a claim may be reviewed on direct appeal when "the record on appeal is sufficiently developed to permit determination of the issue." *United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Such is the case here.

[3] Berckmann also argues that reversal is required due to the cumulative effect of the alleged errors. *See United States v. Inzunza*, 638 F.3d 1006, 1024 (9th Cir. 2011) ("Even if no error individually supports reversal, the cumulative effect of numerous errors may support reversal") (citation omitted). Here, however, we find no error. Thus, Berckmann's argument fails.

3.    We review the "substantive reasonableness" of a sentence for abuse of discretion. *United States v. Vasquez-Perez*, 742 F.3d 896, 901 (9th Cir. 2014). Here, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court's 41-month within-Guidelines sentence is not unreasonable. *See United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011).

**AFFIRMED**.