NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50346 |
| Plaintiff-Appellee, | D.C. No. 10CR2417-JAH |
| v. | MEMORANDUM* |
| ROBERT HADLEY HEIZELMAN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted August 11, 2020**
Pasadena, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and WATSON,***
District Judge.

Defendant-Appellant Robert Heizelman ("Appellant"), appeals the district

court's revocation of his supervised release and resulting sentence. Because

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Appellant has raised a "procedural sentencing error . . . for the first time on appeal," we apply plain error review. *United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020) (declining to address "what is sufficient to preserve a claim that a trial court used improper *procedures* in arriving at its chosen sentence"); *id.* (Alito, J. concurring) ("[A]s we have previously explained, failing to object at all to a procedural [sentencing] error . . . will subject a procedural challenge to plain-error review."). Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009) (internal citations and quotation marks omitted). "If these three conditions are met, the court may then exercise its discretion to grant relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Finding no plain error, we affirm.

1. The district court provided sufficient reasoning for imposing its Guideline-range sentence and did not disregard Appellant's arguments. A "court must explain [the sentence] sufficiently to permit meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). A district court "need not tick off each of the [18 U.S.C.] § 3553(a) factors to show that it has considered them." *Id.*

2

Here, the district court identified that the admitted violations were Grade A violations, acknowledged Appellant's criminal history category of III, and calculated the corresponding Guideline range to be 18–24 months. It then sentenced Appellant to a within-guideline-range sentence of 20 months. *See United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014) ("[A] sentence within the Guidelines range often needs little explanation, and a sufficient explanation can sometimes be inferred from the record as a whole."). The district court also considered and incorporated Appellant's sentencing requests and included mental health treatment and time at a half-way house. The district court therefore did not plainly err in imposing the sentence.

2. We do not address Appellant's novel jurisdictional argument because, even accepting Appellant's argument that the district court did not have jurisdiction over two of the alleged violations, any error did not seriously affect the fairness or integrity of the sentence. *See Hammons*, 558 F.3d at 1103. Appellant admitted to other conduct that established two Grade A violations, either of which would have been sufficient to qualify Appellant for a Guideline range of 18 to 24 months. *See* U.S.S.G. § 7B1.4(a). Furthermore, the district court could consider Appellant's "continued pattern of unlawful behavior," a permissible consideration under 18 U.S.C. § 3583. *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

**AFFIRMED.**

3