**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-10059 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-01217-ROS-1 |
| v. | |
| GREGORY THOMAS YOUNG, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Gregory Thomas Young, Jr., appeals from the district court's order revoking

supervised release for the second time and imposing a 24-month sentence.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Young contends that the district court procedurally erred by failing to:  make

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an individualized determination of his sentence, use the Sentencing Guidelines as a starting point, consider the 18 U.S.C. § 3553(a) factors, and adequately explain its reasoning for the sentence. We review these contentions for plain error. *See United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014).

The district court did not plainly err. Although the court referenced its warning at Young's prior revocation proceeding that it would impose a statutory maximum sentence upon a subsequent revocation, the record reveals that the district court sentenced Young based on an individualized consideration of the 18 U.S.C. § 3553(a) factors and the circumstances of Young's case. Moreover, the record shows that the court was aware of the Guidelines range, which was correctly calculated in probation's disposition report, and provided sufficient reasoning for its sentence, including its decision to vary upward from the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc). On this record, Young has not shown a reasonable probability that the court would have imposed a lower sentence absent the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Young next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the applicable § 3553(a) sentencing factors and the totality of the circumstances. *See*

*Gall*, 552 U.S. at 51.

Young's motion to expedite oral argument and submission of the case is denied as moot.

**AFFIRMED.**