NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2803 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00332-WLH-1 |
| v. | |
| TRAVONE BARRY FRANKLIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Submitted March 24, 2025[**]
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jeremy D. Kernodle, United States District Judge for
the Eastern District of Texas, sitting by designation.

Defendant-Appellant Travone Barry Franklin appeals the district court's revocation of his supervised release and imposition of a twenty-four-month sentence. Finding no error, we affirm.

Franklin first argues that the district court abused its discretion by denying his request for a continuance of the revocation hearing. The stated purpose for the continuance was Franklin's alleged difficulty in understanding the differences between Grade-level violations. But Franklin was no stranger to revocation proceedings and had met with his counsel for forty minutes immediately before the hearing. The court, moreover, explained the relevant violation grades to Franklin and offered him additional time to speak with counsel, which Franklin rejected. And, finally, Franklin has not shown prejudice. There was no abuse of discretion. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010) ("A district court has 'broad discretion' to grant or deny a continuance." (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985))).

Franklin next argues that the district court erred when imposing his sentence because it (1) miscalculated the Sentencing Guidelines range, (2) did not use the Guidelines as a benchmark, and (3) failed to consider the statutory sentencing factors. Because Franklin did not raise these objections at the hearing, we review for plain error. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019).

2

1. The district court correctly determined that the applicable sentencing range was 21–27 months' imprisonment based on a Grade B violation. The violation was based on Allegation 4, which stated that Franklin "failed to update his registration as required by the California Sex Offender Registration Act, in violation of California Penal Code [section] 290, a felony." *See* U.S.S.G. § 7B1.1(a)(2) (Grade B violations include "conduct constituting any other . . . offense punishable by a term of imprisonment exceeding one year."). Franklin admitted to the violation in Allegation 4, and his counsel stipulated that the factual basis supported it. Although Allegation 4 did not specify the sub-provision of Penal Code § 290 violated by Franklin (§ 290.018(b)), it provided him with ample notice of the violation with which he is charged. *See United States v. Havier*, 155 F.3d 1090, 1093 (9th Cir. 1998); *United States v. Vasquez-Perez*, 742 F.3d 896, 899–900 (9th Cir. 2014) (finding notice sufficient where "[t]he revocation petition properly identified the statute [the defendant] was charged with violating and alleged the underlying facts").

2. The district court then used the Guidelines as an initial benchmark for its analysis. "[D]istrict courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Rosales-Mireles v. United States*, 585 U.S. 129, 133 (2018) (quoting *Peugh v. United States*, 569 U.S. 530, 541 (2013)) (cleaned up). The court here began its sentencing analysis by

inquiring about the Guidelines range with the probation officer in attendance. The court then clarified that, based on a Grade B violation, an underlying Class A felony conviction, and Franklin's criminal history, the Guidelines range was 21–27 months' imprisonment. And, before imposing the sentence, the court explicitly acknowledged its consideration of the Chapter 7 policy statement in the Guidelines. The court then sentenced Franklin to a term within the range: 24 months.

3. Finally, the district court considered and applied the proper statutory factors. The court explicitly stated that it had reviewed "the factors specified in 18 United States Code, Section 3583(e)" and that the sentence was "sufficient, but no greater than necessary to comply with the purposes set forth in Section 3553(a), as limited by Section 3583(e)." The court further explained that a custodial sentence was necessary "to deter future criminal conduct and protect the community from future crimes," referenced Franklin's criminal history, and noted that its prior grant of leniency to Franklin had not deterred him. The court did not err. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1194 (9th Cir. 2011) ("[T]he district court is not required to articulate each specific § 3553 factor or use specific phrases during the sentencing process.").

**AFFIRMED.**

4