NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2323 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:21-cr-00207-DMG-1 |
| PATRICK MICHAEL O'REILLY; AKA Patrick Reilly AKA Patrick Michael Oreilly, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 22, 2026
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.**

Defendant Patrick Michael O'Reilly appeals the district court's revocation of

his supervised release and his sentence on four distinct grounds: he argues that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, Fifth Circuit, sitting by designation.

(1) there was insufficient evidence to support revocation; (2) adding a new allegation during the revocation hearing violated his due process rights; (3) the district court made three procedural errors in imposing his sentence; and (4) his sentence was substantively unreasonable.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. O'Reilly first argues that the Government did not prove that he violated the conditions of his supervised release, as described in three allegations in the petition to revoke supervised release: (1) having been ordered not to commit another crime, O'Reilly was arrested for grand theft; (2) having been ordered not to possess a dangerous weapon, O'Reilly entered a federal building with an illegal switchblade; and (3) having been ordered not to possess a dangerous weapon, O'Reilly entered a federal building with a pocketknife.  O'Reilly was arrested for grand theft after he exited a Home Depot store with over $1,300 in merchandise that he had not paid for, claiming that he planned to return to the store and pay after checking his bank account balance outside.  Shortly after that arrest, O'Reilly's probation officer directed him to report to her office at the Los Angeles Federal Building.  When O'Reilly entered the building, the metal detector alerted, and a knife was found in his backpack.  U.S. Marshals also found a second knife on his person.

To revoke a term of supervised release, the district court must "find[] by a

preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). On a sufficiency of the evidence challenge to revocation, we consider whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007)).

Taking the facts in the light most favorable to the Government, the district court did not err in finding that O'Reilly violated conditions of his supervised release. The district court heard testimony about the facts surrounding O'Reilly's arrest for grand theft and reasonably rejected O'Reilly's contention that he lacked intent to steal. Regarding the other two allegations, it is undisputed that O'Reilly possessed two knives and brought them into a federal building. In this posture, we defer to the district court's weighing of the evidence. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc); *see also United States v. Richards*, 52 F.4th 879, 889 (9th Cir. 2022). With the record before the district court, a rational factfinder could conclude that O'Reilly more likely than not violated the conditions of his supervised release.

2. O'Reilly separately argues that the introduction of an allegation about the second knife during his revocation hearing violated his due process rights.

Because O'Reilly did not object to the addition of this allegation before the district court, we review this claim for plain error. *See, e.g.*, *United States v. Diaz-Ramirez*, 646 F.3d 653, 656 (9th Cir. 2011) (plain error for due process challenge not raised below); *Richards*, 52 F.4th at 888 (plain error for challenge to revocation not raised below).

Before testimony about the knives began, the district court asked if each party was aware of the additional allegation, which the probation office had shared with the district court but had not yet served on the parties. The new allegation stated that O'Reilly brought a pocketknife to a federal building, while an existing allegation already stated that he brought a switchblade that same day. Neither party had prior notice of the new allegation, but counsel for both sides stated that they had assumed both knives were covered within the existing allegation. Defense counsel said that she only needed to read the new allegation and ensure O'Reilly understood it, emphasizing again that the parties had considered both knives as part of the existing allegation. The district court then paused the hearing until defense counsel informed the court that she and O'Reilly were ready to continue.

Even assuming it was error to introduce that allegation at the hearing, it does not rise to the level of reversible plain error. "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Depue*, 912 F.3d

1227, 1232 (9th Cir. 2019) (en banc) (quoting *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009)).  A plain error "affects substantial rights if the defendant can 'demonstrate a reasonable probability that he would have received a different sentence if the district court had not erred.'"  *Id.* at 1234 (alteration adopted) (quoting *United States v. Joseph*, 716 F.3d 1273, 1280 (9th Cir. 2013)).  O'Reilly has not made any showing that the new allegation affected his substantial rights.  He does not argue that it changed his Sentencing Guidelines range and has not demonstrated that he would have received a different sentence with more time to prepare a defense to the pocketknife allegation, which related to the same conduct that defense counsel had prepared to address in the switchblade allegation.  Thus, district court did not plainly err by introducing the pocketknife allegation at the revocation hearing.

3.  Next, O'Reilly brings three procedural challenges to his sentence, each reviewed for plain error because he did not object on these grounds below.  *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).  First, O'Reilly argues that the district court improperly relied on retributive factors when imposing his sentence by "consider[ing] to a limited degree the seriousness of the conduct" underlying the revocation of supervised release.  Our precedent permits this limited consideration, so the district court did not commit plain error on this basis.  *See United States v. Taylor*, 153 F.4th 934, 943 (9th Cir. 2025) ("[T]he

court may consider a violation of criminal law underlying the supervised release violation in its evaluation of the criminal history of the defendant, the risk of recidivism, and the violator's breach of the court's trust.").

Second, O'Reilly contends that the district court failed to explain the reasons for its sentence. The Sentencing Guidelines provided a range of four to ten months in custody. The district court sentenced O'Reilly to six months in custody followed by a year of supervised release. A sentence within a defendant's Guidelines range "often needs little explanation, and a sufficient explanation can sometimes be inferred from the record as a whole." *United States v. Vasquez-Perez*, 742 F.3d 896, 900 (9th Cir. 2014). The district court stated that the sentence was sufficient but not greater than necessary to meet appropriate sentencing aims, and its comments showed that it heard all the evidence and arguments and made a reasoned decision based on the proper criteria. On this record, further explanation was not necessary.

Third, O'Reilly asserts that the district court failed to consider his arguments about mitigating factors. The district court need not explicitly address every argument in announcing a sentencing decision. A sufficient "explanation communicates that the parties' arguments have been heard, and that a reasoned decision has been made." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). "It is most helpful for this to come from the bench," but, again,

"an adequate explanation in some cases may also be inferred from the [Presentence Report] or the record as a whole." *Id.*; *see also United States v. Stoterau*, 524 F.3d 988, 999 (9th Cir. 2008) (similar). The district court's discussion of the sentence showed it considered O'Reilly's arguments, and the district court agreed to make appropriate recommendations to the Bureau of Prisons to address the conditions of confinement that defense counsel had raised. The district court's explanations were sufficient for the complexity of this case. *See Vasquez-Perez*, 742 F.3d at 900. Therefore, none of O'Reilly's procedural challenges to his sentence constitutes plain error.

4. Finally, we review the substantive reasonableness of O'Reilly's sentence for abuse of discretion, affording "significant deference" to the district court's decision. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). On that standard, we only grant relief "in rare cases" where we have "a definite and firm conviction that the district court committed a clear error of judgment." *Id.* at 1087–88 (quoting *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009)). The district court sentenced O'Reilly to six months in custody, below the median of his four-to-ten-months Guidelines range. Although there is not a presumption of reasonableness for a within-Guidelines sentence, we "abide by the Supreme Court's admonition that 'when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in

the mine run of cases, it is probable that the sentence is reasonable.'" *Carty*, 520

F.3d at 994 (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).  The district

court imposed a sentence within the Guidelines range and indicated that it

considered the information before it and the relevant factors under 18 U.S.C.

§§ 3553(a) and 3583(e) in doing so.  We see no clear error in judgment and affirm

the sentence imposed as substantively reasonable.

     **AFFIRMED.**[1]

---

[1] O'Reilly's motion to file an unredacted reply brief under seal, Dkt. 34, is GRANTED.  O'Reilly's request for judicial notice, Dkt. 32, is GRANTED.